UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATALIA BATENEVA,

Plaintiff,

v. Case No. 2:26-cv-2516-KCD-KRH

HOMELAND SECURITY SECRETARY, DEPARTMENT OF, DIRECTOR, U.S. CITIZEN AND IMMIGRATION SERVICES, DIRECTOR, TAMPA FIELD OFFICE, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants,
________________________________/

**ORDER**

Plaintiff Natalia Bateneva filed a Form I-130 petition on behalf of her adopted minor daughter, Veronika. An I-130 petition is the administrative vehicle where "a United States citizen can seek to establish that certain alien relatives [are] eligible for an immigrant visa." *Del Valle v. Sec'y of State, United States Dep't of State*, 16 F.4th 832, 835 (11th Cir. 2021).[1] Bateneva's petition has been sitting with United States Citizenship and Immigration Services ("USCIS") for roughly 34 months without a decision. She is concerned because Veronika is approaching her eighteenth birthday and her

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

unresolved immigration status threatens to derail impending college applications, or worse, cost "her [the] statutory right to automatically acquire United States Citizenship." (Doc. 20 at 7.)

To force the agency's hand, Bateneva filed this lawsuit under the Administrative Procedures Act and the Mandamus Act. (Doc. 7.) She seeks an order compelling USCIS to adjudicate her I-130 petition "within thirty days . . . or prior to Veronika's 18th birthday." (*Id.* at 7.) The Government has responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 14.) It argues that the Immigration and Nationality Act ("INA") strips this Court of jurisdiction because the pace at which USCIS adjudicates an I-130 petition is a matter committed to agency discretion. (*Id.* at 5.)

The Government is right. The INA precludes judicial review of any action of the Secretary of Homeland Security "the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary." 8 U.S.C. § 1252(a)(2)(B)(ii). While the ultimate decision to approve a factually supported I-130 petition is mandatory, "the pace at which USCIS investigates the facts and adjudicates the petition is discretionary." *Tyson v. United States Citizenship & Immigr. Servs.*, No. 8:26-CV-2676-KKM-LSG, 2026 WL 2886592, at *2 (M.D. Fla. Sept. 26, 2026). So as my colleagues to address this issue have recognized, "the Court lacks the jurisdiction . . . and the authority

to Order USCIS to expedite review." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022).

Bateneva does not claim that USCIS unlawfully denied Veronika's petition. She argues only that it needs to move faster. But because Congress left the timeline for these investigations entirely to the agency's discretion, a plea for speed is not a cognizable claim under any theory. *See Tyson*, 2026 WL 2886592, at *4.

Bateneva's frustration over USCIS's delay is understandable. It threatens very real consequences for Veronika, potentially jeopardizing both her college education and her path to citizenship. But this Court is bound by the law, and unfortunately it leaves no room for judicial intervention here. Accordingly, the Government's motion to dismiss (Doc. 14) is **GRANTED**. This action is dismissed **WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly, terminate all remaining deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge